# NO. 12-22-00324-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHAUN CHARLES HUBBARD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Shaun Charles Hubbard appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was indicted for the state jail felony possession of a controlled substance, penalty group one, in an amount of less than one gram.[1] Appellant filed a pretrial motion to suppress based upon a warrantless vehicle search.

The evidence at the hearing showed that at approximately 4:30 a.m. on January 12, 2021, Smith County Sheriff's Department Sergeant Robert Garcia was parked in his patrol vehicle conducting surveillance of a residence. Garcia received information that Appellant and another suspect may have been involved in a theft, and that Appellant was associated with the residence Garcia had under surveillance.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2022).

At 4:38 a.m., Garcia saw a vehicle park on the roadway in front of the residence. After the vehicle parked, the occupant turned off the lights and no one exited the vehicle. Garcia additionally observed that the vehicle was parked "in the middle of the road." Garcia considered these facts to be abnormal and possibly indicative of criminal behavior.

It is unclear from the record when Garcia was able to identify Appellant as the driver, and Garcia did not recall to whom the vehicle was registered. But body camera footage shows Garcia and other officers approach the vehicle, and a man later identified as Appellant concealing himself in the vehicle by hiding in the wheel well area under the steering wheel. When Appellant identified himself, Garcia stated, "that's one of them," and "not the other guy," referring to his status as a suspect in the theft case.

Garcia testified that the vehicle was parked more than eighteen inches away from the roadside, and consequently the driver of the vehicle violated the Texas Transportation Code.[2] Another officer's body camera recorded him stating that Appellant was "parked in the road."

As Garcia handcuffed Appellant, Garcia observed drug paraphernalia in a cup holder next to the driver's seat, which was recorded by body camera. Garcia described this object as a blue in color glass pipe or "bong," and the glass pipe in the cup holder was in that location when they removed Appellant from the vehicle. Smith County Sheriff's Deputy Vicente Barrientos, another officer involved in Appellant's arrest, described a "glass pipe" located in the cup holder between the driver's seat and the front passenger seat. Garcia testified that Barrientos believed the glass pipe contained cocaine.

Appellant was arrested and taken to jail for the class C misdemeanor of possession of drug paraphernalia.[3] Following Appellant's arrest, a search of the vehicle revealed marijuana and methamphetamine inside the center console located between the driver's seat and the front passenger seat.

The trial court denied the motion to suppress and issued findings of fact and conclusions of law. Thereafter, Appellant obtained a negotiated plea agreement wherein he pleaded "guilty" to the charge in exchange for a recommended sentence of 365 days of confinement in the county

---

[2] *See* TEX. TRANSP. CODE ANN. § 545.303 (West 2022).

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.125 (West Supp. 2022).

jail. The trial court accepted Appellant's plea and sentenced him in accordance with the plea agreement. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[4] We likewise have reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant Appellant's counsel's motion for leave to withdraw and affirm the trial court's judgment. As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be

---

[4] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 11, 2023

NO. 12-22-00324-CR

**SHAUN CHARLES HUBBARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0503-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*